UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STROUD: LASHONNE-LETIA, Sui Juris,<br><br>           Plaintiff,<br><br>  vs.<br><br>ENGJELLUSH KLOSI, SERGEANT ERIC FOURNIER, and Does 1-10, whose identities are presently unknown,<br><br>           Defendants. | NO. 2:25-cv-00128-JHC<br><br>ORDER |

       This matter comes before the Court on Defendant Eric Fournier's FRCP 12(b)(6) Motion to Dismiss, Dkt. # 14; and pro se Plaintiff's Motion to Strike Defendant Fournier's Motion to Dismiss, Dkt. # 19, Motion to Compel Discovery and Disclosure of Evidence Under Federal and Constitutional Law, Dkt. # 30, Petition for Writ of Habeas Corpus, Emergency Injunctive Relief, and Demand for Immediate Judicial Intervention, Dkt. # 34, Motion for Preliminary Injunction and Emergency Equitable Relief, Dkt. # 35, and Motion for Protective Order and Emergency Relief, Dkt. # 36. For the reasons below, the Court GRANTS the

ORDER - 1
(USDC C25-128-JHC)

motion to dismiss without prejudice, GRANTS Plaintiff leave to amend her complaint, and DENIES the remaining motions.

### **Fournier's Motion to Dismiss & Plaintiff's Motion to Strike**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss under this rule "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In considering such a motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (internal citation and quotation omitted). But the complaint must contain more than "[t]hreadbare recitals of the elements of a cause of action" and "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

This matter appears to arise out of unlawful detainer proceedings against Plaintiff. *See* Dkt. # 1. Sergeant Fournier contends that the only allegation against him is that he carried out a writ of execution. Dkt. # 14 at 1. He thus argues that both quasi-judicial and qualified immunity bar the claims against him. *Id.* at 1–5. But the complaint is unclear. It does not clearly allege that Fournier executed a writ of execution–though that may be a reasonable inference from the allegations and attachments. The pleading provides little in the way of factual allegations, stating, "Despite Plaintiff's motions for a stay, Defendants forcibly

ORDER - 2
(USDC C25-128-JHC)

removed Plaintiff's belongings, commenced demolition, and left property exposed to the elements on 1/14/2024." Dkt. # 1 at 2. But it does not say whether the requested stay was ordered by any court. Nor does it explain in any way how Defendant Fournier's conduct was unlawful in light of the Writ of Restitution in the unlawful detainer matter. *Id.* at 134–35. Thus, the complaint fails to state a claim against Sergeant Fournier.

Plaintiff's motion to strike the motion to dismiss, Dkt. # 19, lacks merit. As argued by Fournier, Federal Rule of Civil Procedure 12(b) requires that a Rule 12(b)(6) motion must be made before answering a complaint. *See* Dkt. # 39.

## **Plaintiff's Remaining Motions**

Plaintiff's remaining motions also lack merit.

The motion to compel discovery, Dkt. # 30, is procedurally flawed. Among other things, the motion does not include a certification of compliance with the good faith conference/attempt to confer requirement. *See* Fed. R. Civ. P. 37(a)(1); LCR 37(a)(1).

Plaintiff's motions at Dkt. ## 34, 35, and 36, essentially seek to have the Court undo the Writ of Restitution and give her access to the property at issue. Plaintiff fails to present law and facts to justify such extraordinary relief. Moreover, this Court does not have jurisdiction to hear a direct appeal of a state court's decision, regardless of whether the appeal is express or implied. *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022).

## **Conclusion**

For the foregoing reasons, the Court GRANTS Defendant Fournier's motion, Dkt. # 14, and DISMISSES the claims against him without prejudice. The Court GRANTS Plaintiff leave until May 16, 2025, to file an amended complaint if she wishes; such leave is limited to

the claims against Defendant Fournier.  The Court recommends that, before seeking to amend her complaint, Plaintiff review the authorities cited by Defendant Fournier regarding quasi-judicial and qualified immunity.  Dkt. # 14 at 3–4.

And the Court DENIES Plaintiff's motions at Dkt. ## 19, 30, 34, 35, and 36.

DATED this 2nd day of May, 2025.

_____
JOHN H. CHUN
UNITED STATES DISTRICT COURT

ORDER - 4
(USDC C25-128-JHC)